IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDRE SCOTT,<br><br>   Plaintiff,<br><br>   v.<br><br>FOSS MARITIME COMPANY,<br><br>   Defendant._____/ | No. C 05-01322 CRB<br><br>**ORDER** |

Plaintiff Andre Scott brings this action against defendant Foss Maritime Company alleging that he suffered injuries while serving as an employee on one of defendant's ships. Now before the Court is plaintiff's motion to dismiss defendant's third affirmative defense or in the alternative for a more definite statement. After carefully considering the papers submitted by the parties, the Court determines that oral argument is unnecessary, see Local Rule 7-1(b), and hereby DENIES the motion to dismiss.

Defendant's third affirmative defense states:

> Defendant alleges each and every provision of Section 183 of Title 46, United States Code, wherein, among other things, liability for loss of life or bodily injury aboard a ship is limited to $420.00 per ton of the vessel's weight.

Plaintiff claims that under Supplemental Rule of Civil Procedure F(2) defendant is required to set forth all facts that are necessary to enable the court to determine the amount to which the owner's liability shall be limited. That rule states that "[t]he complaint shall set forth the

facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(2). The rule on its face applies only to complaints filed in actions to limit liability, not to answers in which the limitation of liability is raised as an affirmative defense.

Therefore, the motion to dismiss is DENIED. The motion for a more definite statement is also DENIED.

**IT IS SO ORDERED.**

Dated: July 26, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\1322\order 1.wpd            2